UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HONG MAI,

                          Plaintiff,

                  - against -

NEW YORK STATE OFFICE OF TEMPORARY
AND DISABILITY ASSISTANCE, NEW YORK
CITY HEALTH AND HOSPITAL
CORPORATION, and BELLEVUE HOSPITAL,

                         Defendants.
-----------------------------------------------------------X

**<u>ORDER</u>**

23-MC-1247 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On October 19, 2000, the Honorable Allyne R. Ross entered an order enjoining Plaintiff Hong Mai from filing any new actions in this Court without first obtaining leave to do so. *See Mai v. NYS Dep't of Welfare*, No. 00-CV-5914 (ARR) (CLP), slip op. (E.D.N.Y. Oct. 10, 2000). On May 2, 2023, Ms. Mai submitted a proposed complaint (Dkt. 2), along with a motion to proceed *in forma pauperis* (Dkt. 3) and a request for leave to file (Dkt. 1). For the reasons that follow, her motion for leave to file is denied.

## BACKGROUND

Ms. Mai requests leave to file a Complaint that seeks review of a February 10, 2023 Decision after Fair Hearing of the New York State Department of Health denying Ms. Mai's request to review a Medicaid Care Plan's ("Care Plan") decision not to approve vascular surgery for her.[1] Ms. Mai requested this hearing on October 27, 2022. In his decision, the Administrative

---

[1] Ms. Mai alleges that she is "disable[d] to walk," suffers from pain and itching in her legs, and needs vascular surgery. (Dkt. 1, at ECF 2; Dkt. 2, at ECF 1.) She states that "filing the complain[t] can help [her] get [her] surgery done." (Dkt. 1, at ECF 2.) Citations to "ECF" refer

Law Judge ("ALJ") concluded that he lacked jurisdiction to review the Care Plan's determination against surgery because Ms. Mai had failed to show that she had "exhausted the necessary internal remedies," including failing to show that she had properly requested the surgery from her Care Plan in the first instance.  (Dkt. 2, at ECF 7.)  Ms. Mai now seeks review of the ALJ's decision in this Court pursuant to Article 78 of New York's Civil Practice Law and Rules.

## DISCUSSION

The Court liberally construes the *pro se* proposed Complaint as asserting that the state-agency defendants that Ms. Mai seeks to sue deprived her of medical care authorization without procedural due process.  Medicaid benefits constitute a protected property interest.  *Wooten v. N.Y. City Human Res. Admin.,* 421 F. Supp. 2d 737, 741 (S.D.N.Y. 2006) ("Medical benefits like the ones at issue do constitute a protected property interest for the purposes of the Fourteenth Amendment.").  New York State law provides remedies to challenge the deprivation of Medicaid benefits.  *Holmes v. Health First*, No. 22-CV-6683 (LTS), 2022 WL 4134700, at *6 (S.D.N.Y. Sept. 8, 2022).  First, if a claimant is denied benefits by a Care Plan, the claimant can challenge this denial through a hearing held before an ALJ.  *Id.*  If the ALJ issues a decision that is unfavorable to the claimant, the claimant can then challenge the ALJ's decision in a proceeding brought in state court under Article 78.  *See Marvin v. Peldunas*, No. 21-1824-cv, 2022 WL 2125851, at *2 (2d Cir. June 14, 2022) (summary order) (citing N.Y.C.P.L.R. §§ 7803, 7804, and N.Y. Soc. Serv. Law § 22(9)(b)).  An Article 78 proceeding has been held to be an adequate remedy to seek judicial review of the denial of Medicaid benefits.  *Harris v. Mills*, 572 F.3d 66, 76 (2d Cir. 2009) (affirming the District Court's dismissal of the plaintiff's complaint on the grounds that

---

to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Article 78 provided an adequate post-deprivation remedy).  Indeed, based on her proposed Complaint, Ms. Mai appears to recognize that Article 78 is the correct remedy for contesting the ALJ's allegedly erroneous determination.  (Dkt. 1, at ECF 2–3.)  Thus, Ms. Mai fails to state a claim for denial of due process.  *See Chambliss v. Westchester Cnty. Dep't of Soc. Serv.*, No. 17-CV-3019, 2017 WL 4350600, at *2 (S.D.N.Y. June 12, 2017) (finding that the plaintiff had failed to state a claim for denial of due process because she "could have filed an Article 78 proceeding in state court to challenge" her fair hearing determination).

Furthermore, federal courts are not subject to New York State procedural rules, including Article 78 proceedings, and have no jurisdiction over a claim invoking Article 78.  *See Beckwith v. Erie Cnty. Water Auth.*, 413 F. Supp. 2d 214, 226–27 (W.D.N.Y. 2006) ("[T]his court has no original or supplemental subject matter jurisdiction over [plaintiff's] Article 78 proceeding as neither federal nor New York state law empower the federal courts to consider such claims, and, under New York law, authority to grant relief pursuant to an Article 78 proceeding is exclusively vested in New York Supreme Court.").  Thus, this Court cannot hear Ms. Mai's Article 78 claim.

Having carefully considered the proposed Complaint and the request for leave to file, the Court concludes that Ms. Mai has not presented valid reasons for lifting the filing injunction against her.  *See Biton v. Verilli*, Nos. 17-MC-803 & 17-MC-804, 2017 WL 6383885, at *1 (E.D.N.Y. May 5, 2017) (denying plaintiffs' applications for leave to file complaint where a barred litigant's "request does not provide any valid reason to allow the proposed actions to go forward").

## CONCLUSION

For the foregoing reasons, the Court denies Ms. Mai's motion for leave to file the proposed Complaint.  Ms. Mai's motion to proceed *in forma pauperis* is denied as moot.  The Order barring her from filing future complaints without leave of the Court remains in effect.  The Court certifies

3

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 11, 2023
      Brooklyn, New York